UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paul DelFava,

                    Plaintiff,

v.

Amazon.com Services LLC,

                    Defendant.

Court File No. _____

**NOTICE OF REMOVAL**

---

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Pursuant to 28 U.S.C. §§ 103(3), 1332, 1441, and 1446, Defendant Amazon.com Services LLC ("Defendant") hereby gives notice of removal of the above-captioned action currently pending in the Hennepin County District Court, State of Minnesota, to the United States District Court for the District of Minnesota, First Division.  In support of its Notice of Removal, Defendant states as follows:

1.    ***Timeliness of Removal:***  Defendant is timely filing this Notice of Removal.  Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within 30 days after service of the Summons and Complaint on the defendant.  On September 20, 2024, Plaintiff served the Summons and Complaint on Defendant. Therefore, Defendant files this Notice of Removal within 30 days of service of the Summons and Complaint and it is timely as a matter of law.  A true and correct copy of the Summons and Complaint is attached as **Exhibit A.**

2.    ***Diversity Jurisdiction Basis for Removal:***  This case is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in citizenship from Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3.     ***Citizenship of Parties:***  Plaintiff is the sole identified plaintiff in this action. Upon information and belief, Plaintiff was a citizen and resident of the State of Minnesota at the time of the commencement of this action and is now a citizen and resident of the State of Minnesota (*See* Ex. A.)

4.     Defendant is the sole identified defendant in this action.  Defendant Amazon.com Services LLC is a limited liability company. A limited liability company is a citizen of every state of which any member of the LLC is a citizen. *See OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Defendant Amazon.com Services LLC's sole member is Amazon.com Sales, Inc. A corporation is "a citizen of every [s]tate… by which it has been incorporated and of the [s]tate … where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Amazon.com Sales, Inc. is a corporation incorporated in Delaware, with its principal place of business in Seattle, Washington, where its corporate headquarters are located. All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

5.     Based on the citizenship of Defendant Amazon.com Services LLC's sole member, Defendant Amazon.com Services LLC is a citizen of Delaware and Washington, *not* Minnesota. Diversity is established because Plaintiff and Defendant are diverse in citizenship so as to vest removal jurisdiction in this Court.

6.     ***Amount in Controversy:***  This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  Where removal is based on the diversity of citizenship, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v.*

*Owens*, 135 S.Ct. 547, 554 (2014). When evaluating the amount in controversy for purposes of diversity jurisdiction, the Court does not consider only the actual damages, but rather the court must also consider the value of other potential relief. *See Hartis v. Chi. Title Ins. Co.*, 656 F.3d 778, 781–82 (8th Cir. 2009); *Peterson v. Travelers Indemnity Co.*, 867 F.3d 992, 995 (8th Cir. 2017). Such includes claims for punitive damages. *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages).

7.      Here, Plaintiff is making claims for age discrimination, and has pleaded that he is seeking compensatory damages in the form of back pay (including the monetary value of employment benefits), front pay (including the monetary value of employment benefits); damages for mental and emotional anguish and suffering, humiliation, embarrassment, and loss of enjoyment of life; and attorneys' fees. *See* Ex. A. Plaintiff asserts that he was compensated with a base salary of $226,000 and had been granted $200,000 to $250,000 in stock options. *Id.* Taking Plaintiff's damages claims together, this is the type of case wherein the damages in controversy plausibly exceed $75,000.00, exclusive of interest and costs, such that Defendant may remove this action. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000."). As the aggregate damages pled by Plaintiff plausibly exceed $75,000.00, exclusive of interest and costs, the amount in controversy meets the jurisdictional requirements of 28 U.S.C. § 1332.

8.      ***Venue:*** Venue is proper under 28 U.S.C. §§ 103(3) and 1441(a) in the United States District Court for the District of Minnesota, First Division. The United States District Court for the District of Minnesota embraces the place, Hennepin County, where the State Court Action is

3

pending. 28 U.S.C. § 103(3). Thus, this Notice of Removal has been properly filed within this District. *See* 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

9. Simultaneous with the filing of this Notice of Removal, Defendant has notified the Hennepin County District Court in the State of Minnesota of removal of this action. No other process, pleadings, or orders have been served or filed in this action.

10. True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff and filed with the Court Administrator of the Hennepin County District Court in the State of Minnesota on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court for the County of Hennepin, Minnesota, be removed to the United States District Court for the District of Minnesota.

Dated: October 11, 2024

/s/ Emily A. McNee

Emily A. McNee, Bar No. 0395228
emcnee@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone:   612.630.1000
Facsimile:   612.630.9626

Attorneys for Defendant

4868-4422-2444.3 / 114766-1226